IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

TRACY WILSON,                    )
                                 )
    Plaintiff,                   )
                                 )
         v.                      )         No. 12-05009-CV-SW-DGK-SSA
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
    Defendant.                   )

## ORDER REMANDING CASE TO ADMINISTRATIVE LAW JUDGE

Plaintiff Tracy Wilson seeks judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Wilson alleges she became disabled as of December 15, 1999, due to anxiety, depression, and Hepatitis C, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court remands the case to the Administrative Law Judge ("ALJ") for further review.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent

with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

In the instant case, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform simple work with only occasional interaction with others. Plaintiff

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

2

disputes this finding, arguing that: (1) the ALJ failed to properly weigh the medical evidence of record and (2) the ALJ improperly assessed her RFC.

**A. The ALJ failed to properly evaluate all medical evidence of record.**

Plaintiff first argues that the ALJ failed to properly evaluate the medical evidence of record, specifically failing to accord proper weight to Dr. John Wade, M.D., Plaintiff's treating physician, and ignoring the opinion of Dr. Kevin Whisman, Psy.D.

Under the Social Security Administration regulations, the opinions of treating physicians are entitled to substantial weight. *Miller v. Shalala*, 8 F.3d 611, 618 (8th Cir. 1993). While a well-supported treating physician's opinion is entitled to substantial weight, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). An ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations: the physician's treatment relationship with the claimant, including the length of treatment and frequency of examination; whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions; and whether the physician's specialty gives her greater credibility. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Courts must review the ALJ's evaluation of these factors to see if the ALJ's determination is supported by substantial evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).

On July 23, 2010, Dr. Wade completed a Medical Source Statement—Mental ("MSSM") in which he opined that Plaintiff suffered from marked to extreme limitations in her ability to

3

remember work procedures, understand and remember detailed instructions, maintain regular attendance, make simple work-related decisions, interact appropriately with the public, and accept criticism. R. at 498-99. Dr. Wade also indicated that Plaintiff was extremely limited in her ability to carry out detailed instructions, sustain a routine without special supervision, work with others without becoming distracted, and complete a normal workday without interruption. R. 498-99.

In reviewing the medical evidence, the ALJ accorded Dr. Wade's opinion little weight for a variety of reasons. R. at 15. First, the ALJ noted that Dr. Wade's opinion was based on only five visits with Plaintiff after she filed her application for disability. The ALJ also noted that Plaintiff was always experiencing a crisis during these visits. *Id.*

The ALJ further discounted Dr. Wade's opinion because the ALJ found it was based primarily on Plaintiff's subjective complaints of disability which the ALJ found inconsistent with the record as a whole. *Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006) (finding plaintiff unreliable where plaintiff's testimony conflicted with the medical evidence). For example, Plaintiff testified at her hearing that she leaves the house only once for an appointment. R. at 37. However, she also testified that she had recently been injured in an auto accident during a trip to a friend's home. R. at 30. Furthermore, Plaintiff reported to Dr. Wade in November 2009 that she spent time with a male friend and her nieces. R. at 391. These statements are inconsistent with Plaintiff's testimony that she rarely left the house. They are also inconsistent with Dr. Wade's opinion that her conditions were disabling.

Thus, the Court finds the ALJ had good reasons for discounting Dr. Wade's opinion and these decisions were explained in the decision. Accordingly, the ALJ's discounting of Dr. Wade's testimony is not in error. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000).

Plaintiff also argues the ALJ erred in failing to consider the opinion of Dr. Whisman, Psy.D., who performed a consultative evaluation of Plaintiff in November 2009. Defendant concedes that the ALJ did not discuss Dr. Whisman's opinion but argues that this failure was justified because Dr. Whisman did not provide any specific work-related limitations and gave only an opinion as to Plaintiff's employability. *See Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991) (finding that a physician's opinion that a claimant cannot be gainfully employed is not a medical opinion but rather an opinion on the application of the social security statute).

Defendant's interpretation mischaracterizes the evidence. Although Dr. Whisman opined that Plaintiff's "emotional dysfunction" would "preclude her from employment," R. at 387, Dr. Whisman also found that Plaintiff was at increased risk for self-harm and that she suffered from panic disorder and agoraphobia. *Id.*

The ALJ has a duty to evaluate every medical opinion. 20 C.F.R. § 416.927(c). An ALJ's failure to discuss evidence does not necessarily indicate that such evidence was not considered in the evaluation. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010), quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted"). However, here, because the ALJ failed to discuss or even note consideration of Dr. Whisman's opinion, the case is remanded to the ALJ for further proceedings.

**B. The Court declines to determine whether the ALJ's RFC determination is based on substantial evidence of record.**

Plaintiff's final argument is that the ALJ's RFC determination is not based on substantial evidence of record. The Court finds that the ALJ's determination has some evidentiary support. However, because the Court has remanded this case to the ALJ to consider Dr. Whisman's

medical opinion, the Court refrains from deciding whether the ALJ's RFC determination is supported by substantial record evidence at this time.

## Conclusion

After careful examination of the record as a whole, the Court remands to the ALJ for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Plaintiff is not entitled to benefits under 42 U.S.C. §§ 1381, *et seq.*, the ALJ must properly evaluate the evidence in the case and clearly articulate the reasoning underlying his decision.

**IT IS SO ORDERED.**

Date:  April 16, 2013                             /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT